UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNE STANDLEY JEDIDI,

            Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

            Defendant.

CASE NO. 15-cv-05810 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 9, 10, 11).

After considering and reviewing the record, the Court concludes that the ALJ failed to identify any reason for her failure to credit fully an opinion from an examining doctor, Dr. Mary Lemberg, M.D. Although defendant discussed the ALJ's treatment of

ORDER ON PLAINTIFF'S COMPLAINT - 1

other opinions from Dr. Lemberg, and discussed other opinions from other medical providers, defendant does not dispute that the ALJ failed to provide any specific reason for failing to credit the opinion from Dr. Mary Lemberg that plaintiff could not complete a normal workday or workweek without problematic interruption from her psychiatric conditions. Because the ALJ gave significant weight to the opinions of Dr. Lemberg, with some enumerated exceptions, but failed even to mention this particular opinion, it is entirely unclear how the ALJ weighed this particular opinion, or if she even was aware of this particular opinion.

Because adoption of this opinion likely would lead to a finding of disability, this error is not harmless and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, ANNE STANDLEY JEDIDI, was born in 1963 and was 46 years old on the alleged date of disability onset of April 15, 2010 (*see* AR. 297-98). Plaintiff graduated from high school and obtained an LPN degree in college (AR. 48). Plaintiff last worked as a nurse, but requested time off when she started having trouble seeing things and had fallen multiple times (AR. 49).

According to the ALJ, since the alleged onset date of disability, April 15, 2010, plaintiff has had at least the severe impairments of "major depressive disorder, post-traumatic stress disorder (PTSD), anxiety disorder, attention deficit hyperactivity disorder (ADHD), degenerative disc disease, osteoarthritis, obesity, chronic pain syndrome,

epicondylitis, tremors, and joint hypermobility attributed to Ehlers-Danlos syndrome (20 CFR 404.1520(c))" (AR. 13).

At the time of the last hearing, plaintiff was living with her 18-year-old son (AR. 99).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 115-27, 129-43). The Court adopts plaintiff's uncontested procedural history as follows:

> On 6/18/10, plaintiff protectively filed an application for Disability Insurance Benefits. Ar. 147. This application was denied initially and upon reconsideration and a hearing request was timely filed. *Ibid*. The hearing was held on 5/16/12 before an ALJ. *Id*. Following the hearing, the ALJ authored a decision denying claimant's application on 9/14/12. Ar. 144-162. Plaintiff timely sought review by the Appeals Council and on 11/27/13 the Appeals Council granted review, vacated the hearing decision, and remanded the claim to the ALJ. Ar. 168-171.
> On 4/23/14, the ALJ held another hearing. Ar. 11. This resulted in a partially favorable decision[1] dated 5/12/14. Ar. 7-30. Plaintiff timely sought review and on 10/13/15 the Appeals Council denied review. Thus the ALJ's decision became the final decision of the Commissioner by operation of law. *See* 20 CFR § 404.981. Plaintiff now seeks review by this Court.

(*See* Dkt. 9, p. 2).

---

[1] The partially favorable decision found [plaintiff] disabled as of her 50th birthday [ ], but not before. AR 29-30. Thus the relevant period at issue in this appeal is the period from the Alleged Onset Date (4/15/10) to 6/30/13, the day prior to the ALJ's established onset date of 7/1/13.

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) The ALJ erred in failing to evaluate the medical opinions of Mary Lemberg M.D. as directed by the Appeals Council; and (2) The ALJ's errors were not harmless (*see* Dkt. 9, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Did the ALJ err in failing to evaluate the medical opinions of Mary Lemberg M.D. as directed by the Appeals Council?**

Relevant here is that the Appeals Council vacated the previous ALJ hearing decision and remanded the claim "for resolution of the following issue:"

> The hearing decision does not contain an adequate evaluation of the non-treating source opinion in Exhibit 8 [AR. 596-603]. The hearing decision states that significant weight was given to the psychiatric consultative examining opinion of Mary Lemberg, M.D. . . . . Dr. Lemberg [] found that the claimant could not complete a normal workday or workweek without problematic interruption from her psychiatric conditions and would have significant difficulty dealing with the usual stress encountered in a competitive work environment. The decision does not address this portion of Dr. Lemberg's opinion nor does it explain why these limitations were not incorporated in the residual functional capacity finding. The Council finds that further consideration is necessary.

(AR. 170).

Plaintiff contends that the ALJ erred by failing to discuss the opinion of Dr. Lemberg regarding plaintiff's inability to complete a normal workday or workweek without problematic interruption from psychiatric conditions and explain why it was not incorporated into plaintiff's residual functional capacity ("RFC"). Despite defendant's contention that "the ALJ adequately addressed Dr. Lemberg's opinion that the plaintiff could not complete a normal workday or workweek without problematic interruption from her psychiatric conditions and would have significant difficulty dealing with the usual stress encountered in a competitive work environment," a review of the ALJ's decision reveals that the ALJ only addressed the latter of these opinions, that is, that plaintiff would be unable to deal with the usual stress normally encountered in the workplace (Dkt. 10, pp. 11-12; AR. 25-27). Instead of addressing the fact that the ALJ did not even mention Dr. Lemberg's opinion that plaintiff could not complete a normal workday or workweek without problematic interruption from her psychiatric conditions, defendant responds by discussing plaintiff's credibility and the ALJ's discussion of other medical opinions. Defendant also presents an argument about how Dr. Lemberg's opinion could have been rejected, even though this argument was not mentioned by the ALJ.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Furthermore, according to

ORDER ON PLAINTIFF'S COMPLAINT - 5

Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20. Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356)) (footnote omitted). In addition, according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

      Here, as argued by plaintiff, the ALJ did not offer any reason for rejecting Dr. Lemberg's opinion that the plaintiff could not complete a normal workday or workweek

without problematic interruption from her psychiatric conditions. Defendant's argument that the ALJ addressed this opinion and the opinion that plaintiff would have significant difficulty dealing with the usual stress encountered in a competitive work environment, is an attempt to argue, perhaps, that these two opinions are the same (*see* Dkt. 10, p. 11-12). However, the ALJ mentions multiple times "Dr. Lemberg's finding that the claimant would have 'significant difficulty' in dealing with the usual stress encountered in [] competitive work," but does not mention once Dr. Lemberg's opinion that plaintiff could not complete a normal workday or workweek without problematic interruption from her psychiatric conditions (AR. 26).

That these are distinct opinions is demonstrated by the Appeals Council's Order that both of these opinions needed to be addressed following remand, and the finding in that Order that both of "these limitations were not incorporated in the residual functional capacity finding ["RFC"]" (AR. 170). The Appeals Council clearly referenced multiple "limitations" (*id*.). The finding that these distinct opinions reflect different functional limitations both of which need to be included in the RFC is buttressed by Dr. Lemberg's opinion itself, in which these limitations are listed in separate paragraphs (*see* AR. 601-02). Therefore, based on a review of the record as a whole, the Court concludes that the fact that the ALJ discussed the opinion regarding plaintiff's limitations "in dealing with the usual stress encountered" in competitive work does not mean that the ALJ discussed Dr. Lemberg's opinion that plaintiff "could not complete a normal workday or workweek without problematic interruption from her psychiatric conditions" (*id*.).

Because a medical opinion only can be rejected for specific and legitimate reasons based on substantial evidence in the record as a whole when it conflicts with the RFC, the ALJ committed legal error by not discussing this opinion. *See Lester*, *supra,* 81 F.3d at 830-31 (*citing Andrews* , *supra,* 53 F.3d at 1043; *Murray*, *supra,* 722 F.2d at 502); *see also* SSR 96-8p, 1996 SSR LEXIS 5 at *20. The ALJ gave "significant weight" to the opinions of Dr. Lemberg (AR. 25). Therefore, any specific opinion by Dr. Lemberg that was not rejected explicitly by the ALJ should have been included in the RFC. But, it is not included in the ALJ's RFC (AR. 16-17). The Court also notes that the ALJ was directed explicitly by the Appeals Council to discuss this specific opinion from Dr. Lemberg (AR. 170).

Defendant provides arguments as to why the ALJ potentially could have rejected Dr. Lemberg's opinion, but these arguments were not mentioned by the ALJ. *See Bray*, *supra,* 554 F.3d at 1225-26 ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking") (*citing Chenery Corp.*, *supra,* 332 U.S. at 196 (other citation omitted)); *see also Molina*, *supra,* 674 F.3d at 1121 (*citing Chenery Corp, supra*, 332 U.S. at 196).

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ did not discuss the relevant opinion regarding plaintiff's inability to complete a normal workday or workweek without problematic interruption from her psychiatric conditions, and that the ALJ erred by failing to discuss this opinion because it conflicts with plaintiff's RFC.

(2)     **Was the ALJ's error harmless?**

Plaintiff contends that the ALJ's error is not harmless because "the RFC assessment did not set out limitations consistent with Dr. Lemberg's medical opinion that [plaintiff] could not complete a normal workday or workweek without interruptions from her psychiatrically-based symptoms" (Dkt. 9, p. 5). As noted by plaintiff, the "vocational expert's testimony relied on the ALJ's RFC assessment, which failed to include Dr. Lemberg's opinion in question" (*id.* (*citing* AR. 29)). Also as noted by plaintiff, the ALJ "adopted the vocational expert's testimony at step five of the sequential evaluation and thus found the claimant not disabled" (*id.* (*citing* AR. 29-30)).

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56). The court further indicated that "the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Id.* at 792 F.3d 1170 (noting that where the ALJ did not even mention a doctor's opinion that plaintiff was "pretty much nonfunctional," it could not "confidently conclude" that the error was harmless) (*citing*

*Stout,* 454 F.3d at 1056; *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 750 (6th Cir. 2007)). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

In addition, the Ninth Circuit has concluded that it is not harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (*citing* 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)). According to the Ninth Circuit, when an ALJ ignores or improperly discounts significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See id.* at 1161. Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert ("VE") relied on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162.

Here, as noted, the ALJ failed to give any reason for her failure to include in plaintiff's RFC the opinion from Dr. Lemberg that plaintiff "could not complete a normal workday or workweek without problematic interruption from her psychiatric conditions" (AR. 601-02). The ALJ utilized this RFC when presenting a hypothetical to the VE, and

then relied on the VE's testimony when concluding that plaintiff could perform other work at step five and when concluding, therefore, that plaintiff was not disabled (AR 29-30); *see also Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001) (citations omitted) (the burden at step five shifts to the Administration). A reasonable ALJ when fully crediting Dr. Lemberg's opinion could have found that plaintiff was disabled. Therefore, this Court cannot conclude that the ALJ's error is harmless. *See Marsh*, *supra,* 792 F.3d at 1173 (*citing Stout, supra,* 454 F.3d at 1055-56) ("'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination'").

## CONCLUSION

The ALJ failed to provide any reason for her failure to include in plaintiff's RFC Dr. Lemberg's opinion that plaintiff could not complete a normal workday or workweek without problematic interruption from her psychiatric conditions. The ALJ gave significant weight to Dr. Lemberg's opinion overall, therefore this opinion should have been included into the RFC. A reasonable ALJ when fully crediting this particular opinion from Dr. Lemberg could have found that plaintiff was disabled, therefore, this error is not harmless.

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

1

2   **JUDGMENT** should be for plaintiff and the case should be closed.

3   Dated this 15th day of April, 2016.

4

5   _____

6   J. Richard Creatura
    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24